### JOHANSMEYER v. KEARNEY et al.

(Supreme Court, Appellate Term. March, 1902.)

**1. SALE—WARRANTY—LIMITATION AS TO PRESENTATION OF CLAIM FOR BREACH—WAIVER.**

On a sale of a horse at auction a warranty was given, which, by its terms, expired on the next Monday morning at 9 o'clock. The horse was delivered at the buyer's stable on Friday evening, and the next morning was so stiff as to be scarcely able to walk, and remained in that condition until 5 o'clock Monday morning, at which time the buyer put it in charge of an agent, to be taken to the seller's stable. The agent attempted to ride the horse, but was finally compelled to lead it, and did not arrive until between 10 and 11 o'clock. He left the horse with the seller, saying he did not know what was the matter with the horse. Later the seller insisted that there was no breach of the warranty, and when again tried the horse seemed to be all right. *Held*, that there was no waiver of the condition of the warranty that a claim for breach thereof should be presented by 9 o'clock.

**2. SAME—EXTENT OF WARRANTY.**

Where a horse was warranted to be kind and true, and of sound wind, the fact that on being taken from the seller's stable to that of the buyer it became so stiff as to be scarcely able to move was not a breach of the warranty.

Appeal from municipal court, borough of the Bronx, Second district.

Action by John H. C. Johansmeyer against Edward W. Kearney and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GREENBAUM and GIEGERICH, JJ.

J. Wilson Bryant, for appellant.
Kneeland, La Fetra & Glaze, for respondents.

FREEDMAN, P. J. The complaint in this action was for money had and received. After the close of the examination of the plaintiff as a witness on his own behalf the plaintiff's attorney moved to change the cause of action to breach of contract of warranty, and the motion was granted. To this cause of action the defendants pleaded "a general denial, and that the contract was between the plaintiff and one by the name of Shubbert, and that the defendant was simply the auctioneer, and only represented the purchaser and seller." The trial proceeded, and was concluded upon the pleadings as amended. The controversy between the parties arose out of the purchase of a horse, made by the plaintiff at an auction sale conducted by the defendant. The plaintiff had frequently attended such sales. He had in his possession at the time of the sale in question a catalogue which contained a "Special Notice." The no-

tice referred to the conditions of sale. Among the conditions were the following: "The time allowed to test warranty will expire on Monday next at 9 a. m. unless otherwise stated by the auctioneer at the time of the sale. * * * When a horse is warranted kind and true in all harness, and appears to be broken-winded, or refuses to work, the purchase money will also be returned to the purchaser." Preceding the list of horses, etc., catalogued was the following: "All horses are advertised and sold in accordance with descriptions received from their owners." The lot 147 in question was knocked down to plaintiff, who immediately paid a deposit of $20 to the auctioneer's clerk, who immediately made the proper entries in the sales book, and delivered a bill to the plaintiff, which contained the following written warranty: "Warranted kind and true in all harness, and good wind, until Monday morning at 9 o'clock a. m. All claims, to meet consideration, must be made before warranty runs out." The horse appeared to be all right at the time of the sale and delivery. After having paid the purchase price, the plaintiff asked the defendants' stableman to recommend some one to take the horse to plaintiff's stable in the borough of the Bronx, and, the stable man having done so, the plaintiff employed the man so recommended to take the horse to plaintiff's stable, and the horse was brought there. This was on a Friday evening. According to plaintiff's testimony, the horse was so stiff the next morning that he could not get him out of the stall, and he remained substantially in that condition throughout Sunday, and at about 5 o'clock on Monday morning the horse left plaintiff's stable in charge of a man to be taken to defendants' store in Thirteenth street. The man first attempted to ride the horse, but after proceeding a short distance he dismounted, and led the horse, and arrived at the stable of the defendants between 10 and 11 o'clock in the morning, after having been five hours on the road. When questioned as to what was the matter with the horse, the man said he did not know, and simply left the horse at defendants' stable. When the plaintiff and the defendants subsequently met, the defendants insisted that there was no breach of the warranty, and after a trial the horse did appear to be all right. Under all the circumstances disclosed it cannot be held that there was a waiver of the condition of the warranty that, in case a breach was claimed, the claim should be presented by 9 o'clock on Monday morning. But, even if it were held that there was a waiver as to the time, the plaintiff failed to show a breach of the warranty. The horse was not warranted sound, but simply kind and true in all harness, and good wind. The plaintiff never put a harness upon him, and never tried his wind. What caused the stiffness was not shown, nor was it shown that it was of a permanent character, or liable to recur after proper work. There is no evidence that the horse had ever been ridden before, nor as to the manner in which he was ridden on his way to plaintiff's stable. He may have been overheated, and allowed to catch cold. So the man who rode him may have dismounted several times on the road for his own purposes, and allowed the horse to stand in a cold draught, or the horse

may have been watered before he had sufficiently cooled off. There are other possibilities. But from the fact that the horse appeared to be all right before and at the sale and upon a subsequent trial by the auctioneer, the conclusion may fairly be drawn, in the absence of all evidence as to the cause of the stiffness, that the said stiffness was of but a temporary character. But, even if it had been shown to constitute unsoundness, it would not have established a breach of the warranty, because soundness was no part of the warranty. In every aspect of the case, therefore, the plaintiff failed to prove a breach of the warranty, and his complaint was properly dismissed. True, the plaintiff may have a cause of action. He left the horse with the defendants, and there is some evidence to the effect that thereafter it again went into the possession of its original owner. Moreover, the defendants at the trial claimed that plaintiff's money had been paid over to said owner. But upon the whole case sufficient facts do not appear to show with certainty what remedy the plaintiff may successfully pursue. The judgment appealed from expressly states that it is without prejudice to a new action, and the plaintiff should be left free to take such action as he may be advised to take upon the facts which he may be able to prove.

Upon the present record, the judgment should be affirmed, with costs.

GREENBAUM, J., concurs.

GIEGERICH, J. (concurring). According to the pleadings, as amended at the trial, the action was for the breach of a contract of warranty in the sale of a horse, the warranty being that the animal was "kind and true in all harness." The terms of the warranty were contained in a notice attached to the catalogue of the horses offered at the sale, and according to this notice the purchaser of a horse thus warranted was entitled to a return of the purchase price if the animal refused to work. It was also provided that "the time allowed to test warranty" should expire at 9 o'clock in the morning of the Monday following the sale, and that all claims should be made "before warranty runs out." The sale took place on Friday, and the horse was received at the plaintiff's place of business late that day, having been ridden from the place of sale by some person employed by the plaintiff for the purpose. On Saturday the animal was found to be so stiff in the legs that it could not be used, and this condition continued until Monday morning, when plaintiff caused it to be returned to the defendants at some time after 10 o'clock. Assuming that the stiffness of the horse amounted to a demonstrated refusal to work, within the warranty, the plaintiff's right of recovery upon the warranty depended upon his observing the conditions, which were made a part of it, and one of these conditions was that the claim should be made before 9 o'clock on Monday morning. This condition, which provided for a period of trial of more than two days, cannot be deemed an unreasonable one (28 Am. & Eng. Enc. Law, 804, 805), and it appears that a strict compliance therewith was relied upon by the de-

fendants for the purposes of their dealings with the persons for whom he made sales. Apart from the warranty, the mere stiffness of the horse would afford no ground for a rescission, and the defendants' failure to object to the lateness of the return did not impart a waiver of the condition that all claims should be made before 9 o'clock, for the person who returned the animal was intoxicated, and the defendants were unable to discover whether a claim was then made under the warranty or not. Thereafter the horse was simply left in the defendants' custody because the plaintiff stood squarely upon his claim under the warranty, and refused to consider the possibility of a further trial. This being the situation, the defendants were under no duty of pointing out just what defense they had to claim upon the warranty, and the failure to argue the question further with the plaintiff could not amount to the waiver of the reasonable condition which concededly was not performed. The warranty in this case contemplated a return of the purchase price, and this, in turn, involved the return of the animal, should the purchaser elect to return it rather than sue for damages, after acceptance; but after the agreed period for a return under the warranty had expired the right of the purchaser to rescind could not be asserted upon the strict terms of the warranty itself, for he himself was in default (28 Am. & Eng. Enc. Law, 805), and the return must be justified upon some ground which might support a rescission irrespective of the warranty (Id. 816). As the case is presented, the evidence is insufficient even to establish a rescission, because the fact that the plaintiff returned the horse does not help his cause of action as long as the defendants did not in some way acquiesce in plaintiff's claim. None of the rulings of evidence affect the plaintiff's rights upon the theory of the decision, nor, as we find, was any error actually committed in the admission or exclusion of testimony. The judgment should be affirmed, with costs.

Judgment affirmed, with costs.